UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SKYLINE RESTORATION, INC.,

    Plaintiff,

v.

FIRST BAPTIST CHURCH; FIRST BAPTIST
HOUSING DEVELOPMENT CORPORATION;
FIRST BAPTIST HOUSING DEVELOPMENT
CORPORATION II,

    Defendants.

No. 17 C 1234

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Skyline Restoration, Inc. alleges that First Baptist Church (located in Roanoke Rapids, North Carolina) and its associated housing development programs (together "First Baptist") breached a contract for construction services by failing to pay invoices totaling $2,430,628.89. R. 26. The contract includes an arbitration clause. First Baptist has moved to compel arbitration pursuant to this clause, or in the alternative to transfer venue. For the following reasons, the motion to compel arbitration is granted.

**Legal Standard**

Motions to compel arbitration are reviewed under a summary judgment standard. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The "opposing party must demonstrate that a genuine issue of material fact warranting a trial

exists." *Id.* "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.*

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, "governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts." *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). The FAA provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under the Federal Arbitration Act, arbitration may be compelled if the following three elements are shown: [1] a written agreement to arbitrate, [2] a dispute within the scope of the arbitration agreement, and [3] a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012).

## Analysis

The parties do not dispute any of the three factors mentioned above. Rather, Skyline argues that First Baptist has waived its contractual right to arbitration by its actions in this case. "For waiver of the right to arbitrate to be inferred, [a court] must determine that, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). In making

2

this determination, diligence or lack thereof, and participation in the litigation are the primary factors considered. *See id.* at 994. In determining whether a party was "diligent" courts ask whether the party seeking to compel arbitration did "all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). "The key determination when considering [participation in the litigation] . . . is whether a party manifested an intent to proceed with litigation." *Kawasaki*, 660 F.3d at 994. In examining whether a party has participated in litigation, the Seventh Circuit has also analyzed whether the party "invoked judicial process" or made "an election to proceed." *Cabinetree*, 50 F.3d at 390. The Seventh Circuit has held that "when a party chooses to proceed in a judicial forum, there is a rebuttable presumption that the party has waived its right to arbitrate." *Kawasaki*, 660 F.3d at 995. However, "[b]ecause of [the] strong federal policy [favoring enforcement of arbitration agreements], parties asserting waiver bear a heavy burden and courts should not lightly infer waiver." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 590 (7th Cir. 1992).

Skyline argues that First Baptist has waived arbitration by failing to file a motion to compel arbitration earlier in this case. Skyline filed its complaint in this court on February 16, 2017. First Baptist was served on February 23, 2017. First Baptist answered on March 16, 2017 (but did not include arbitration as an affirmative defense). Based on representations made at an August 17, 2017 hearing,

3

the Court understands that Skyline served discovery requests on July 20, 2017. At that same August 17, 2017 hearing, First Baptist indicated for the first time that it intended to exercise its right to arbitration. First Baptist's counsel was forced to withdraw on September 25, 2017, after a North Carolina Bar investigation recommended his disbarment on August 7, 2017. First Baptist's motion to compel arbitration was filed on November 8, 2017.

Skyline counts from February 16 through November 8 to contend that this timeline shows "a period of 8 to 9 months without First Baptist taking action to arbitrate." R. 43 at 4. But First Baptist did not file its answer until March 16 and represented to the Court that it would seek arbitration on August 17. This is a five month delay. Unlike *Cabinetree*, in which the defendants dropped "a bombshell" into the proceedings by requesting arbitration nine months after the complaint was filed, and only six months before trial, the modest five month delay here "certainly is nothing extraordinary amid the delay endemic to the world of the law and does not shock the Court's conscience." *Cooper v. Asset Acceptance, LLC*, 532 Fed. App'x 639, 642 (7th Cir. 2013) (quoting *Nat'l Loan Exch., Inc. v. LR Receivables Corp.*, 2009 WL 466459, at *3 (S.D. Ill. Feb, 25, 2009)). Other courts have declined to find waiver despite similar or longer delays. *See Cooper v. Asset Acceptance, LLC*, 11 C 906, Dkt. ## 2, 33 (S.D. Ill.) (complaint filed September 2, 2011; motion to compel arbitration filed May 29, 2012); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (18 months, where non-moving party was on notice of intent to seek arbitration earlier); *Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*,

2017 WL 1954545, at *3 (N.D. Ill. May 11, 2017) (6 months); *Levin v. NC12, Inc.*, 2011 WL 2582138, at *4 (N.D. Ill. June 29, 2011) (8 months).

Skyline also argues that waiver is apparent from First Baptist's participation in the case. To support its argument that First Baptist has "participated in the litigation," Skyline cites "three (3) status conferences with the Court"; "two (2) pre-trial motions (Motion for Leave to Amend and Motion to Compel Discovery); and "significant fact discovery by both parties." R. 43 at 4. Skyline contends that discovery has consisted of the following: (1) Skyline producing 477 document in initial disclosures; (2) First Baptist producing its initial disclosures; (3) Skyline propounding discovery requests on First Baptist; and (4) First Baptist responding to Skyline's discovery requests. *Id.* at 4-5. Skyline also contends that "First Baptist has received a plethora of documents that it would not be entitled to in arbitration," *id.* at 6, but it does not identify any of the documents or explain why First Baptist would not have been entitled to them. First Baptist also filed an answer and an amended answer in response to Skyline's amended complaint.

Although First Baptist has certainly "participated" in the litigation, the Court finds that Skyline has not met its burden to demonstrate that First Baptist has "invoked" judicial process, or made an "election to proceed," in this Court. None of First Baptist's actions in this litigation asked the Court to take any action, other than this motion to compel arbitration. Neither is the Court aware of First Baptist actively seeking discovery from Skyline (initial disclosures are mandatory). Rather, Skyline's examples of First Baptist's participation are all instances of First Baptist

5

responding to demands made by Skyline or the Court; i.e., answering the complaints; appearing at hearings scheduled by the Court; responding to discovery requests. Such "responsive" conduct does not invoke this Court's jurisdiction or demonstrate an election to proceed before this Court. *See Smith v. Adams & Assocs.*, 2015 WL 5921098, at *4 (N.D. Ill. Oct. 9, 2015) ("[W]hen evaluating whether a party relinquished its right to arbitrate, the court should consider whether its conduct was 'merely responsive.' Thus, the filing of a motion to dismiss does not waive the right to arbitrate. Similarly, filing a responsive pleading and complying with obligations imposed by court rules does not waive the right to arbitrate."); *Marzek v. Mori Milk & Ice Cream Co.*, 2002 WL 226761, at *2 (N.D. Ill. Feb. 13, 2002) ("The Court also does not agree that defendants' filing of an answer with affirmative defenses, a counterclaim, and objections to plaintiff's Notice and Consent forms constitutes waiver of the agreement to arbitrate. These actions are consistent with the pleading requirements of the Federal Rules of Civil Procedure, and merely serve to prevent a default judgment from being entered against defendants.").

Other than the instant motion, First Baptist has yet to ask the Court to take any action in its favor. Courts generally find waiver only when there has been extensive discovery or motion practice demonstrating that the party seeking to compel arbitration has invoked the district court's jurisdiction. *See Cabinetree*, 50 F.3d at 389 (defendant's decision to remove case to federal court and extensive participation in discovery demonstrated waiver); *Smith*, 2015 WL 5921098, at *5 ("[the defendants] engaged in litigation activity that went beyond merely

6

responding to actions taken by [the plaintiff]. [The defendant] delayed in asserting the arbitration clause, acquiesced to the setting of a discovery cut-off, prepared written discovery, and—critically—tried twice to convince the court to jettison [the plaintiff's] recruited counsel. These activities, viewed together, are consistent with consent to proceed in federal court"); *Motorola Mobility, Inc. v. Myriad France SAS*, 2013 WL 4008627, at *2 (N.D. Ill. Aug. 4, 2013) (finding waiver where the defendant "filed and litigated multiple motions to dismiss, and . . . conducted extensive discovery, including depositions, to virtually the conclusion of the fact discovery period"). First Baptist has not participated in this case to such an extent. Indeed, even if First Baptist had gone so far as to file a motion to dismiss, the Seventh Circuit has held that such an action is not necessarily indicative of an intent to proceed constituting waiver of a right to arbitration. *See Kawasaki*, 660 F.3d at 995 ("we have held that a party does not waive its right to arbitrate by filing a motion to dismiss"); *Sharif*, 376 F.3d at 726 ("[I]t is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss."). Notably, Courts have found no waiver despite participation greater than First Baptist has engaged in here. *See Cooper*, 532 Fed. App'x at 642 (motion to dismiss filed); *Kawasaki*, 660 F.3d at 995 (defendant's opposition to the plaintiff's motion and defendant's motion to dismiss for lack of jurisdiction "can in no way be construed as submitting the case to the court for a decision that resolves the dispute").

In general, the Seventh Circuit has noted that the concern with participation in litigation prior to seeking to compel arbitration is that a party might wait to "see

7

how they fare in a judicial forum before choosing arbitration, [and thereby cause] duplicative adjudication of disputes, and . . . undue prejudice that results from a party spending time and money on litigation that will not ultimately resolve a case." *Kawasaki*, 660 F.3d at 994-95. None of these concerns are present here. First Baptist has not sought, nor has the Court provided, any indication of its opinion on the merits of this matter. And other than the unsupported claim that it has had to produce documents that it would not have had to produce in arbitration, Skyline does not claim that any of the work the parties have engaged in to this point is unnecessary or will be duplicated in arbitration. Neither does the Court perceive this to be so.

Furthermore, to the extent First Baptist's delay in this case was undue and its participation too extensive, these actions are at least in part a result of First Baptist's counsel likely being distracted by disciplinary proceedings against him that eventually lead to his disbarment. The Court is reluctant to penalize First Baptist under such circumstances. The Court does not perceive First Baptist to have "attempted to prevail" in this Court and then to have sought "arbitration only as a fallback." *Cent. Ill. Carpenters Health & Welfare Tr. Fund v. Con-Tech Carpentry, LLC*, 806 F.3d 935, 938 (7th Cir. 2015). Rather, First Baptist's initial counsel had other matters on his mind during the initial months of this case, and failed to focus on the terms of the contract at issue, including the arbitration clause. Considering the relatively short delay, and the minimal discovery and other proceedings that have occurred before this Court, First Baptist's counsel's failure to

8

seek arbitration sooner should not serve to impute a waiver of arbitration to First Baptist.

## Conclusion

For the foregoing reasons, First Baptist's motion to compel arbitration is granted, and this case is stayed.[1]

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 21, 2017

---

[1] Skyline also raises the issue of the arbitration venue, because it contends that First Baptist's demand for arbitration (made using a form created by the American Arbitration Association) noted in the section devoted to describing the "nature of the dispute" that "North Carolina law appears to clearly state that a contract for the improvement of real property in [North Carolina] . . . is void and against public policy if it makes the contract subject to the laws of another state or it provides that the exclusive forum for any litigation, arbitration or other dispute resolution process is located in another state." R. 41-2 at 1. It is unclear whether this statement demonstrates a desire that the arbitration take place in North Carolina, or is an argument that the contract is void in general. Furthermore, First Baptist does not ask the Court in the instant motion to assign the arbitration venue to North Carolina. This is likely because the Court does not have the power to do so under the Federal Arbitration Act. *See* 9 U.S.C. § 4 ("The hearing and proceedings, under such agreement [for arbitration], shall be within the district in which the petition for an order directing such arbitration is filed."). And the contract at issue in this case includes a forum selection clause identifying Illinois and this district. First Baptist expressly sought to transfer venue only in case the Court denied its motion to compel. The Court will take First Baptist at its word, and since the Court has granted its motion to compel arbitration, the Court will not address the issue of venue.